*Roscoe Luke, Bell & Weathers*, and *C. E. Hay*, contra.

---

## THARPE v. GRIFFIN.

LUMPKIN, J. 1. Suit was brought on a promissory note which stated that it was given for the purchase-money of a mule "about 10 years old," and contained the following clause: "which I buy from E. M. Tharpe to work on my place in Colquitt county, after a full inspection and without warranty either expressed or implied; and it is expressly understood that E. M. Tharpe does not insure the health, life, soundness, or work of.........., only the title thereto, and there are no other agreements than stated herein; the title of which to remain in E. M. Tharpe until fully paid for, but in case of loss or damage to said property same

shall be the loss of the buyers." The answer alleged the following, among other things: The defendant agreed to buy a mule from the plaintiff at the price of $250, giving in payment of the purchase-price another mule at the price of $175, and the note sued on. The plaintiff induced the trade and obtained the note by knowingly, falsely, and fraudulently representing that the mule sold to the defendant was not over ten years old and was sound in every respect. The defendant was inexperienced in judging of the age and soundness of horses, and the plaintiff had had long experience in handling horses and mules, and the defendant relied on his statement. In truth the mule received by the defendant was between eighteen and twenty years of age, and was sickly and unable to do full farm work, for which purpose it had been purchased; and the plaintiff knew, when he made the representation, that on account of the age and unsound condition of the mule, it was of no value. When the mule was put to work it gave evidence of being unsound, and was unable to do ordinary farm plowing. In a short time he tendered the mule to the plaintiff, telling him of its unsound condition. The plaintiff told the defendant to keep the mule until the plaintiff could ship another car-load of mules to that point, when the plaintiff would make an exchange and give to the defendant a sound mule in the place of this one. The mule still failing to work, the defendant again carried it to the plaintiff, who accepted it with a promise to give the defendant a sound mule of the value of $250 in its place, when the plaintiff should receive another car-load of mules. After the plaintiff accepted the return of the mule, it died. The plaintiff refused to comply with his agreement to furnish another mule; and the defendant was compelled to hire another mule to cultivate his crop, at an expense of $25. The defendant sought to recoup against the plaintiff the sum of $200 with interest. *Held*, that the answer was not subject to general demurrer.

(*a*) Nor was there error in overruling a ground of demurrer to such answer which set up that the alleged facts relating to matters other than the age of the mule furnished no defense and should be stricken.

2. Under such answer there was no error in admitting evidence of the defendant to the effect that he carried back to the plaintiff the mule received from him, that the plaintiff said there were no defects in the animal, and that the defendant told him the mule was lame.

(*a*) Under the averments and evidence touching the representations of the plaintiff, his receipt of the mule when returned by the defendant, and his promise to furnish to the defendant another mule, the defendant was not precluded from recovering from the plaintiff because of the provision of the contract as to the limited warranty.

3. The evidence was sufficient to support the verdict (which was for $100 principal and $6.50 interest) ; and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*
DECEMBER 18, 1915.

Complaint. Before Judge Thomas. Colquitt superior court. December 18, 1915.

*Shipp & Kline* and *L. L. Moore,* for plaintiff.

*T. H. Parker,* for defendant.